IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TODD SCOTT,<br>    Plaintiff, | |
| v. | Case No.:   4:16-cv-2055 |
| NATIONAL ACCOUNT SERVICES GROUP, LLC,<br>DNF ASSOCIATES LLC, and<br>TRAVELERS CASUALTY AND SURETY COMPANY<br>OF AMERICA,<br>    Defendants. | |

## COMPLAINT

Plaintiff Todd Scott ("Plaintiff"), by and through his undersigned counsel, brings this lawsuit against National Account Services Group, LLC ("NAS"), DNF Associates LLC ("DNF") and Travelers Casualty and Surety Company of America ("Travelers") and alleges as follows:

### NATURE OF ACTION

1. This lawsuit is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Texas Finance Code ("TFC") § 392.001, *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over defendants because these companies regularly conducted business activities in the State of Texas or directed business activities toward Texas residents in order to profit from their endeavors in this state or from residents of this State, thus purposefully availing themselves of the benefits of doing business here.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this District, and where Plaintiff resides in this State and this District.

## PARTIES

6. The Plaintiff, Todd Scott ("Plaintiff"), is an adult individual residing in Brazos County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. NAS is a company operating from the Buffalo, New York area.

8. NAS can be served in Texas via its registered agent, Registered Agents, Inc. at 700 Lavaca, Suite 1401, Austin, Texas, 78701.

9. NAS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. DNF is a company operating from the Buffalo, New York area.

11. DNF can be served in the state of Texas via its registered agent, National Registered Agents Inc., at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

12. DNF is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

13. Travelers Casualty and Surety Company of America ("Travelers") is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

14. Travelers is liable for the acts committed by DNF complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 7752241505TX, as well as any other applicable law.

## **FACTUAL ALLEGATIONS**

15. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, Plaintiff believes the account was an old HSBC-Furniture Row account used to purchase various personal effects and not for any business purposes.

16. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

17. After the Account allegedly went into default, the Account was sold to or otherwise transferred to DNF for collection.

18. DNF then transferred the account to NAS for collection.

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

20. Plaintiff disputes the amount DNF and NAS are attempting to collect on the Account.

21. Plaintiff requests that defendants cease all further communication on the Account.

22. NAS's collector(s) were employee(s) of NAS at all times mentioned herein.

23. NAS acted at all times mentioned herein through its employee(s).

24. During the one year prior to the date of the filing of this Complaint, NAS and/or representative(s), employee(s) and/or agent(s) of NAS made telephone calls to Plaintiff to collect the Account.

25. In May 2016 or June 2016, NAS attempted collections by calling Plaintiff and leaving a message on his voicemail that stated:

> This message is for Todd Scott.  You'll need to contact Mike Judge with NAS Group at 844-466-6177 ext. 3501.  Now, a claim has been submitted here in this office to be filed in Brazos County, service to be made at your place of employment as well as your residence.  Your signature will be required.  If you do wish to resolve or dispute any of these allegations, you'll need to contact our pre legal department immediately at 844-466-6177 and when calling refer to document number 10259216.  You have been notified.

26. In a second communication with Plaintiff during May 2016 or June 2016, NAS attempted collections by speaking with Plaintiff.  In that conversation, NAS said to Plaintiff "Let me just read the case file here…yes, a case filed here in my office attached to a Todd Scott…."  NAS additionally told Plaintiff that "paperwork" had been sent to him at his residential address regarding "breach of contract" but that he had not responded to it.

27. In its second May 2016 or June 2016 communication with Plaintiff, NAS informed Plaintiff that the account had been charged off by the original creditor in December 2011.

28. Because the account had charged off in or before December 2011, the statute of limitation on the account expired in or before December 2015.

29. Despite the expiration of the statute of limitation on the Account, NAS used the language in the communications described above for the purpose of causing Plaintiff to believe that NAS or DNF would pursue legal action against Plaintiff if the account was not paid.

30. The language used by NAS in the communications described above would cause the least sophisticated consumer to believe that NAS or DNF intended to sue Plaintiff on the account if the account was not paid.

31. Neither NAS, nor DNF, had a present intention of suing Plaintiff on the Account at the time the voicemails transcribed above were left for Plaintiff.

32. DNF influenced and/or determined the collection policies and collection procedures used by NAS, both formal and informal, and provided instructions, directly or indirectly, to the employees of NAS regarding the things said to Plaintiff in the various attempts to collect from Plaintiff.

33. DNF, knowing the statements described above were not true, nonetheless instructed NAS's collectors to say the things described above when calling Plaintiff and other consumers.

34. The statements made to Plaintiff during NAS's collection attempts described in the paragraphs above would cause the least sophisticated consumer to believe that DNF or NAS had involuntary methods of securing financial remedies, such as seizure, garnishment, attachment, or sale of any of the Plaintiff's property or wages available to DNF to collect the Account.

35. The information communicated to Plaintiff by NAS and DNF was false and misleading.

36. NAS and DNF knew that the information provided to Plaintiff was false.

37. NAS and DNF told Plaintiff the above-described false information in order to trick, deceive and manipulate Plaintiff into transmitting money to NAS.

38. Plaintiff did not know that the information conveyed to him regarding the Account's status was false.

39. NAS did not inform Plaintiff in the communications described above that NAS was a debt collector or that NAS was attempting to collect a debt or that any information obtained by NAS would be used for the purpose of debt collection.

40. In the voicemails transcribed above, NAS failed to inform Plaintiff of Plaintiff's right to dispute the debt and/or request validation of the debt as described in 15 U.S.C. § 1692g.

41. In all of the communications described above, NAS failed to provide Plaintiff with meaningful disclosures of its identity as required by 15 U.S.C. § 1692d(6).

42. DNF was aware of the practices employed by NAS as described above to collect the accounts DNF placed with NAS.

43. DNF profited from the abusive collection tactics employed by NAS as described above.

44. NAS's purpose for the telephone call(s) and voicemails described above was to attempt to collect the Account.

45. The telephone call(s) and voicemails each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

46. The telephone call(s) and voicemails each individually constituted a "communication" as defined by 15 U.S.C § 1692a(2).

47. The only reason that NAS and/or representative(s), employee(s) and/or agent(s) of NAS made telephone call(s) to the Plaintiff was to attempt to collect the Account.

48. The only reason that NAS and/or representative(s), employee(s) and/or agent(s) of NAS had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

49. The only reason that NAS and/or representative(s), employee(s) and/or agent(s) of NAS left message(s) for the Plaintiff was to attempt to collect the Account.

50. At all times relevant hereto, NAS did not, and as of the filing of this complaint, does not have a bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

51. DNF knew of the requirement to have a bond on file with the Texas Secretary of State and knew that its agent, NAS, did not have a bond on file with the Texas Secretary of State.

52. All of the act(s) and omission(s) by NAS and/or its employees and/or agents alleged in the preceding paragraphs were done knowingly and willfully by NAS.

53. As a consequence of NAS's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

### RESPONDEAT SUPERIOR

54. The representative(s) and/or collector(s) at NAS were employee(s) and/or agents of NAS at all times mentioned herein.

55. The representative(s) and/or collector(s) at NAS were acting within the course and/or scope of their employment at all times mentioned herein.

56. The representative(s) and/or collector(s) at NAS were under the direct supervision and/or control of NAS at all times mentioned herein.

57. The actions of the representative(s) and/or collector(s) at NAS are imputed to their employer, NAS.

58. NAS acted at all times as an agent of DNF.

59. The actions of NAS are imputed to DNF.

60. DNF was aware of the collection practices used by NAS.

### COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY NATIONAL ACCOUNT SERVICES GROUP, LLC

61. The previous paragraphs are incorporated into this Count as if set forth in full.

62. The act(s) and omission(s) of NAS and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2)&(6) and §1692e(2)&(4)&(5)&(8)&(10)&(11) and § 1692g(a).

63. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from NAS.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY NATIONAL ACCOUNT SERVICES GROUP, LLC

64. The previous paragraphs are incorporated into this Count as if set forth in full.

65. The act(s) and omission(s) of NAS and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.101 and §392.301(7) and §392.302(1)&(2) and §392.304(a)(4)&(5)&(8)&(14)&(19).

66. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from NAS.

67. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against NAS enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
### BY NATIONAL ACCOUNT SERVICES GROUP, LLC

68. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, NAS is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  NAS intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

69. Plaintiff suffered actual damages from NAS as a result of NAS's intrusion.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY DNF ASSOCIATES LLC

70. The previous paragraphs are incorporated into this Count as if set forth in full.

71. The act(s) and omission(s) of DNF and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. §1692d(2)&(6) and §1692e(2)&(4)&(5)&(8)&(10)&(11) and § 1692g(a).

72. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from DNF.

### COUNT V:  VIOLATIONS OF THE TEXAS FINANCE CODE
### BY DNF ASSOCIATES LLC

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of DNF and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(7) and §392.302(1)&(2) and §392.304(a)(4)&(5)&(8)&(14)&(19).

75. DNF and its representative(s), employee(s) and/or agent(s) also violated Tex. Fin. Code §392.306.

76. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from DNF.

77. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against DNF enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT VI:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
### BY DNF ASSOCIATES LLC

78. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, DNF is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   DNF intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

79. Plaintiff suffered actual damages from DNF as a result of DNF's intrusion.

## COUNT VII: IMPUTED LIABILITY OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA FOR LIABILITY OF DNF ASSOCIATES LLC

80. The previous paragraphs are incorporated into this Count as if set forth in full.

81. The act(s) and omission(s) of DNF and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.301(7) and §392.302(1)&(2) and §392.304(a)(4)&(5)&(8)&(14)&(19) and §392.306 are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

82. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## JURY TRIAL DEMAND

83. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

84. Judgment in favor of Plaintiff and against National Account Services Group, LLC, Inc. as follows:

    a.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.  Statutory damages in the amount of $100, actual damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403 as well as

    e.  An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    f.    Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    g.    Such other and further relief as the Court deems just and proper.

85. Judgment in favor of Plaintiff and against DNF Associates LLC, as follows:

    a.    Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b.    Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d.    Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    e.    An injunction permanently enjoining it from future violations of the Texas Finance Code as described above, pursuant to Tex. Fin. Code §392.403(1);

    f.    Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    g.    Such other and further relief as the Court deems just and proper.

86. Judgment in favor of Plaintiff and against Travelers Casualty and Surety Company of America for its liability for the acts of DNF Associates LLC as follows:

    a.    Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    b.    Such other and further relief as the Court deems just and proper.

       Respectfully submitted,

       THEWOODFIRM,PLLC

       /s/ Jeffrey D. Wood
_____
       Jeffrey D. Wood, Esq.
       ArkBN: 2006164
       14524 Cantrell Rd., Suite 140-208
       Little Rock, AR  72223
       TEL:  682-651-7599
       FAX:  888-598-9022
       EMAIL:  jeff@mmlaw.pro
       Attorney for Plaintiff

Case 4:16-cv-02055   Document 1   Filed in TXSD on 07/12/16   Page 12 of 12